IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01258-BNB

RANDY K. GOMETZ,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,
THE FEDERAL BUREAU OF PRISONS,
HARRELL WATTS,
MICHAEL K. NALLEY,
RON WILEY,
JOHN T. SHARTLE,
MARK A. MUNSON,
MAUREEN S. CRUZ,
H. CHURCH,
M. COLLINS,
T. GOMEZ,
T. SUDLOW,
FENLON,
HAGOOD,
CLARK,
G. KNOX,
MANLEY,
A. OSAGIE,
M. SCHAPPAUGH,
DALGLISH,
S. NAFZIGER,
UNKNOWN PHYSICIAN'S ASSISTANT,
UNKNOWN MAILROOM OFFICER, and
CINK,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 27 2008

GREGORY C. LANGHAM
                      CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Randy K. Gometz, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at

Florence, Colorado. Mr. Gometz has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution and other federal laws have been violated. The court must construe the complaint liberally because Mr. Gometz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gometz will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and has determined that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis

2

placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Gometz fails to provide a short and plain statement of his claims showing that he is entitled to relief. The complaint is 203 pages long and consists mostly of handwritten, single-spaced allegations in support of the fourteen claims for relief Mr. Gometz is asserting against the twenty-five named Defendants in this action. Many of these allegations are prolix and repetitive. As a result, the court finds that the complaint is excessively and unnecessarily long. Mr. Gometz is advised that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the Prisoner Complaint filed by Mr. Gometz in this action does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Gometz should be given an opportunity to file an amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Gometz file, **within thirty (30) days from the date of this order,** an amended complaint that complies with the pleading requirements of Fed. R.

Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Gometz, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Gometz fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED June 27, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01258-BNB

Randy K. Gometz
Reg. No. 35556-118
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of Prisoner Complaint** to the above-named individuals on 6/27/11

                                 GREGORY C. LANGHAM, CLERK

                            By: _____
                                    Deputy Clerk