IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01258-BNB

RANDY K. GOMETZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
HARRELL WATTS,
MICHAEL K. NALLEY,
RON WILEY,
JOHN T. SHARTLE,
MARK A. MUNSON,
MAUREEN S. CRUZ,
H. CHURCH,
M. COLLINS,
T. GOMEZ,
T. SUDLOW,
FENLON,
HAGOOD,
CLARK,
G. KNOX,
MANLEY,
A. OSAGIE,
M. SCHAPPAUGH,
DALGLISH,
S. NAFZIGER,
UNKNOWN PHYSICIAN'S ASSISTANT,
UNKNOWN MAIL ROOM OFFICER, and
CINK,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2008

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Randy K. Gometz, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at

Florence, Colorado. Mr. Gometz initiated this action by filing *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution and other federal laws have been violated. On June 27, 2008, the court ordered Mr. Gometz to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The court specifically determined that the original complaint, which was 203 pages long and included prolix and repetitive allegations, was excessively and unnecessarily long. On August 14, 2008, Mr. Gometz filed an amended Prisoner Complaint.

The court must construe the amended complaint liberally because Mr. Gometz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gometz will be given one final opportunity to file a pleading that complies with the requirements of Rule 8.

The court has reviewed the amended Prisoner Complaint and has determined that the amended Prisoner Complaint still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Mr. Gometz previously was advised, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The amended complaint filed by Mr. Gometz is shorter than his original complaint by a significant amount. However, Mr. Gometz still fails to provide a short and plain statement of his claims showing that he is entitled to relief. In particular, Mr. Gometz fails to provide specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. In fact, Mr. Gometz alleges personal participation in less than half of the fourteen claims he raises in this action. Furthermore, Mr. Gometz incorporates his original complaint, which the court has determined does not comply with the pleading requirements of Rule 8, into his amended complaint.

For these reasons, Mr. Gometz will be ordered to file a second amended complaint if he wishes to pursue his claims in this action. Mr. Gometz is advised that, in order to state a claim in federal court, his second amended "complaint must explain

what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). However, the court's determination that the amended complaint filed by Mr. Gometz lacks sufficient detail regarding each Defendant's personal participation does not mean that Mr. Gometz may file another, excessively long and prolix pleading. Mr. Gometz is reminded that, for the purposes of Rule 8, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Mr. Gometz must present his claims clearly and concisely in a manageable format that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the amended Prisoner Complaint filed by Mr. Gometz in this action does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Gometz should be given a second and final opportunity to file a pleading that does comply with Rule 8. He will be directed to do so below.

Finally, Mr. Gometz also has filed a "Motion Regarding Copies" on August 14, 2008, in which he asks the court to direct Defendants to make copies of Plaintiff's

4

amended complaint. That motion will be denied as moot because Plaintiff will be ordered to file a second amended complaint. Accordingly, it is

ORDERED that Mr. Gometz file, **within thirty (30) days from the date of this order,** a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Gometz, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Gometz fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion Regarding Copies" filed on August 14, 2008, is denied as moot.

DATED August 25, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01258-BNB

Randy K. Gometz
Reg. No. 35556-118
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint form** to the above-named individuals on **8/25/08**

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk