IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01258-ZLW

RANDY K. GOMETZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
HARRELL WATTS,
MICHAEL K. NALLEY,
RON WILEY,
JOHN T. SHARTLE,
MARK A. MUNSON,
MAUREEN S. CRUZ,
H. CHURCH,
M. COLLINS,
T. GOMEZ,
T. SUDLOW,
FENLON,
HAGOOD,
CLARK,
G. KNOX,
MANLEY,
A. OSAGIE,
M. SCHAPPAUGH,
DALGLISH,
S. NAFZIGER,
UNKNOWN PHYSICIAN'S ASSISTANT,
UNKNOWN MAIL ROOM OFFICER, and
CINK,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 8 2008

GREGORY C. LANGHAM
              CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Randy K. Gometz has filed *pro se* on November 14, 2008, a document titled "Objections to Magistrate's Ruling" in which he asks the Court to reconsider and

vacate the Court's Order of Dismissal and the Judgment filed in this action on November 5, 2008. The Court must construe the document liberally because Mr. Gometz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the document will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Gometz filed the motion to reconsider within ten days after the Judgment was entered in this action on November 5, 2008. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See id.* The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Gometz failed to file a second amended complaint as directed within the time allowed. On August 25, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Gometz to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On September 22, 2008, Magistrate Judge

Boland granted Mr. Gometz an extension of time until October 24, 2008, to file a second amended complaint. On October 14, 2008, Magistrate Judge Boland denied Mr. Gometz's motion for a standing order directing Defendants to make whatever copies Mr. Gometz needs to prosecute this action and to withhold twenty percent of any deposits into Mr. Gometz's inmate account to pay for such copies. As noted above, the Court dismissed the action in an order filed on November 5, 2008, because Mr. Gometz failed to file his second amended complaint by the October 24 deadline. Mr. Gometz filed a second amended complaint on November 6, 2008.

Mr. Gometz argues in the motion to reconsider that he physically was unable to file a second amended complaint within the time allowed because of his physical disabilities and that Magistrate Judge Boland erred in denying his motion for a standing order directing Defendants to make copies for him.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Gometz fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Gometz does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Assuming Mr. Gometz was unable to comply with the order to file a second amended complaint within the time allowed, he fails to explain why he did not seek another extension of time in order to comply. The fact that Mr. Gometz belatedly filed a second amended complaint does not alter the Court's conclusion.

For these reasons, the motion to reconsider will be denied. However, Mr. Gometz is reminded that the Court dismissed the instant action without prejudice. If Mr.

Gometz wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that Plaintiff's "Objections to Magistrate's Ruling" filed on November 14, 2008, which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 26 day of November, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01258-ZLW

Randy K. Gometz
Reg. No. 35556-118
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/28/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk